IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0431-N |
| | § | |
| AIRCRAFT MECHANICS FRATERNAL ASSOCIATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Aircraft Mechanics Fraternal Association's ("AMFA") motion for judgment on the pleadings [94]. For the following reasons, the Court grants in part and denies in part AMFA's motion.

### I. ORIGINS OF THE DISPUTE

AMFA is a mechanics' union that represents Southwest Airlines Company's ("Southwest") aircraft mechanics. Southwest and AMFA were parties to a collective bargaining agreement that expired in 2012. Upon expiration of the agreement, the parties began negotiations for a new agreement. In 2015, the National Mediation Board assigned a mediator to supervise the negotiations.

In 2017, Southwest alleges that AMFA instigated a concerted effort to engage in unlawful self-help. Pl. Southwest Airline Co.'s Original Compl. ("Southwest's 2017 Compl.") 6–11 [1], in *Southwest Airlines Co. v. Aircraft Mechs. Fraternal Ass'n*, Civil Action No. 3:17-CV-413-N (N.D. Tex. filed Feb. 15, 2017). Southwest asserts that AMFA

MEMORANDUM OPINION AND ORDER – PAGE 1

encouraged its members to boycott overtime maintenance assignments, which led to millions in damages. *Id.* Southwest filed suit against AMFA asserting claims under 45 U.S.C. §§ 152, 156. Southwest seeks injunctive relief, declaratory relief, and monetary damages.

Then, in 2019, Southwest asserts that AMFA instigated another allegedly unlawful job action. Pl. Southwest Airline Co.'s Original Compl. ("Southwest's 2019 Compl.") 12–18 [1], in *Southwest Airlines Co. v. Aircraft Mechs. Fraternal Ass'n*, Civil Action No. 3:19-CV-514-N (N.D. Tex. filed Feb. 28, 2019). Southwest alleges that, following a contentious mediation session, AMFA mechanics began to cite aircrafts for non-critical maintenance issues, which caused Southwest to ground numerous aircrafts just before flight. *Id.* Based on this activity, Southwest filed a second lawsuit in this Court. Southwest asserts that AMFA again violated section 152 and 156, and Southwest asks for injunctive and declaratory relief and monetary damages.

Soon after, in March 2019, the parties reached a full agreement, and in May 2019, AMFA's members ratified the agreement. The parties are now bound by a new collective bargaining agreement, which becomes amendable in 2024. Because the parties reached an agreement, AMFA now moves for judgment on the pleadings in both cases. AMFA asserts that the Court no longer has jurisdiction because Southwest's claims are moot.

## II. LEGAL STANDARDS

### A. *Judgment on the Pleadings Legal Standard*

Any party may move for judgment on the pleadings after the pleadings are closed, as long as the motion does not delay trial. FED. R. CIV. P. 12(c). A Rule 12(c) motion "is

MEMORANDUM OPINION AND ORDER – PAGE 2

designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). In addition, a Rule 12(c) motion can challenge the Court's subject matter jurisdiction, and if the Court determines it is lacking, the Court must dismiss the action. *See* FED. R. CIV. P. 12(h)(3). When ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), the Court applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted).

### B. Justiciability Legal Standard

Article III of the U.S. Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1; *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). Justiciability doctrines, like mootness and ripeness, arise from Article III, and the Court cannot adjudicate a dispute when the issue is moot or not yet ripe. *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714–15 (5th Cir. 2012). In order to sustain jurisdiction, a "live controversy must exist at every stage of the litigation." *Payne*, 748 F.3d at 607. In other words, "the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990) (internal quotations and citations omitted).

A case is moot when it is impossible for a court to grant any effectual relief to the prevailing party. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016). "If a dispute has been resolved or if it has evanesced because of changed

MEMORANDUM OPINION AND ORDER – PAGE 3

circumstances . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

But "[c]laims for damages or other monetary relief automatically avoid mootness, so long as the underlying claim remains valid on its merits." *de la O v. Hous. Auth. of City of El Paso*, 417 F.3d 495, 499 (5th Cir. 2005). However, "a request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Id.* Additionally, a declaratory judgment action is justiciable only where an actual controversy exists. *Orix Credit All. Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). "An actual controversy exists where a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *de la O*, 417 F.3d at 499 (alterations in original) (internal quotation and citation omitted).

"Ripeness is a justiciability doctrine designed to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies . . . ." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). When evaluating whether a case is ripe, the Court should balance: "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 456 (5th Cir. 2017). The inquiry looks to "whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993).

## C. Railway Labor Act Legal Standard

The Railway Labor Act ("RLA") provides a framework for resolving labor disputes. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). In order to encourage parties to make every effort to maintain agreements regarding pay and working conditions, the RLA provides two separate dispute resolution procedures: major disputes and minor disputes. *Id.* at 252–53. Major disputes arise from the "formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy." *Elgin, J. & E. RY. v. Burley*, 325 U.S. 711, 723 (1945). However, minor disputes include those growing out of grievances or out of interpretations of agreements covering rates of pay, rules, or working conditions. *Hawaiian Airlines, Inc.*, 512 U.S. at 252–53. "[A] dispute is minor if the existing collective bargaining agreement affords some arguable basis for the underlying action." *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America-Airline Div. & Teamsters Local 19 v. Southwest Airlines Co.*, 875 F.2d 1129, 1133 (5th Cir. 1989).

During a major dispute, both parties must undergo a multi-step process through the National Mediation Board. *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989). During the negotiations, the parties may be enjoined from engaging in any kind of self-help, such as union strikes. *See id.* at 302–03. "District courts have subject-matter jurisdiction to enjoin a violation of the status quo pending completion of the required procedures . . . ." *Id.* at 303. However, minor disputes must be addressed through binding and compulsory arbitration. *Id.*

MEMORANDUM OPINION AND ORDER – PAGE 5

## III. The Court Grants in Part and Denies in Part AMFA's Motion

The Court grants in part and denies in part AMFA's motion and dismisses Southwest's claims for injunctive and declaratory relief. The Court finds that Southwest's claims for injunctive and declaratory relief based on AMFA's past activity are moot and any request for injunctive or declaratory relief based on future activity is not yet ripe. However, the Court denies AMFA's motion regarding Southwest's claim for monetary damages.

### A. The Court Finds Southwest's Claims for Declaratory and Injunctive Relief Are Not Justiciable

The Court grants AMFA's motion regarding Southwest's claims for injunctive and declaratory relief under section 152 and 156. First, the Court finds that the claims for injunctive and declaratory relief regarding past job actions are now moot because the parties have agreed to a new collective bargaining agreement. With the new collective bargaining agreement, there is no longer an actual controversy for the Court to adjudicate.

Next, the Court finds that an injunction or declaratory judgment for AMFA's possible future behavior is not ripe. The Court finds that prescriptive injunctive or declaratory relief is not appropriate to enjoin AMFA from activity that may, but has yet, to occur because the issue is not fit for judicial adjudication yet. Accordingly, the Court grants the motion regarding Southwest's claims for injunctive and declaratory relief.

### B. The Court Denies AMFA's Motion as to Southwest's Claims for Monetary Damages

The Court denies AMFA's motion as to Southwest's claims for monetary damages. Southwest alleges claims under section 156, claiming that AMFA violated the status quo

provision by imposing two allegedly unlawful job actions. As a preliminary matter, the Court finds that these allegations constitute a major dispute. After 2012, the parties were negotiating to create a new collective bargaining agreement, and the parties were subject to mediation and negotiations with the National Mediation Board. During these negotiations, Southwest alleges that AMFA instigated the allegedly unlawful job action. *See* Southwest's 2017 Compl. 6–11; Southwest's 2019 Compl. 12–18. The Court determines that both the 2017 and 2019 allegedly unlawful job action grew out of the parties' negotiations over the new collective bargaining agreement, rather than an interpretation of the previous collective bargaining agreement. Accordingly, the Court classifies these disputes as major disputes.

Next, the Court declines to dismiss Southwest's claims for monetary damages. Southwest seeks monetary damages under section 156 for AMFA's alleged illegal job action. *See* Southwest's 2017 Compl. 12. However, AMFA argues that Southwest is not entitled to monetary damages in the absence of an injunction. The Aircraft Mechanics Fraternal Association's Mem. Law Supp. Its Mot. J. Pleadings ("AMFA's 2017 Mot.") 16 [95]. While the RLA does not explicitly provide for monetary damages, the Fifth Circuit has not banned a party's ability to recover monetary damages. *See Burlington N. R. Co. v. Bhd. of Maint. of Way Emps.*, 961 F.2d 86, 88 n.9 (5th Cir. 1992) ("There are no cases stating that damages are not available to the carrier if the union violates this duty [to maintain the status quo]."); *see also United Indus. Workers of the Seafarers Int'l Union v. Bd. of Trustees of Galveston Wharves*, 400 F.2d 320, 327 (5th Cir. 1968) (holding that monetary relief may be awarded as part of equitable relief granted by the court). Because

MEMORANDUM OPINION AND ORDER – PAGE 7

the Court finds that Southwest has a cognizable claim for monetary damages under section 156, the Court concludes that these claims are not moot. *See de la O*, 417 F.3d at 499. Accordingly, the Court denies AMFA's motion as to Southwest's claims for monetary damages under section 156.

## CONCLUSION

The Court determines Southwest's claims for injunctive and declaratory relief are not justiciable, but the Court concludes that Southwest can pursue its claims for monetary relief under section 156. Accordingly, the Court grants in part and denies in part AMFA's motion for judgment on the pleading, and the Court dismisses Southwest's claims for injunctive and declaratory relief.

Signed March 20, 2020.

David C. Godbey
United States District Judge