IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0431-N |
| | § | |
| AIRCRAFT MECHANICS FRATERNAL ASSOCIATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Southwest Airlines Company's ("Southwest") motion to dismiss Defendant Aircraft Mechanics Fraternal Association's ("AMFA") counterclaim [40]. Because the Court finds that AMFA's claim arises out of minor disputes, the Court grants Southwest's motion.

## I. ORIGINS OF THE DISPUTE

AMFA is a mechanics' union that represents Southwest's aircraft mechanics. Southwest and AMFA were both party to a collective bargaining agreement that expired in 2012. Upon expiration of the agreement, the parties began negotiating for a new agreement. In 2015, the National Mediation Board assigned a mediator to supervise the negotiations.

In 2017, Southwest alleges that AMFA instigated a concerted effort to engage in self-help. Southwest asserts that AMFA encouraged its members to boycott overtime maintenance assignments, which led to millions in damages. Southwest filed suit against

MEMORANDUM OPINION AND ORDER – PAGE 1

AMFA asserting claims under 45 U.S.C. § 152 and 45 U.S.C. § 156. Southwest sought injunctive relief, declaratory relief, and monetary damages. AMFA filed one counterclaim under section 156 based on the following grievances: (1) Southwest wrongly outsourced maintenance work; (2) Southwest wrongfully terminated an AMFA representative; and (3) Southwest wrongfully denied leave for Union business. Def. Aircraft Mechanics Fraternal Association, and All Other Defs.' Answer Compl. Pl. Southwest Airlines Company and Countercl. Aircraft Mechanics Fraternal Association 11–16 [20].

Then, in 2019, Southwest alleges that AMFA instigated an unlawful job action by instructing its mechanics to cite planes for non-flight critical maintenance issues, which forced Southwest to ground numerous planes just before flight. Based on this activity, Southwest filed a second lawsuit in this Court. Southwest asserts that AMFA was again in violation of section 152 and 156, and Southwest sought injunctive and declaratory relief and monetary damages.

Soon after, in March 2019, the parties reached a full collective bargaining agreement, and in May 2019, AMFA's members ratified the agreement. The parties are now bound by a new collective bargaining agreement, which becomes amendable in 2024.

After the parties entered a new agreement, the Court consolidated both actions, and the Court dismissed as moot Southwest's claims for injunctive and declaratory relief. Southwest moves to dismiss AMFA's counterclaim because Southwest argues that the counterclaim arises out of minor disputes that should be referred to compulsory arbitration.

## II. SUBJECT MATTER JURISDICTION LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party can move to dismiss a case for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proof to show subject matter jurisdiction exists in the Rule 12(b)(1) context. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Generally, the Court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (citations omitted).

The Railway Labor Act ("RLA") provides a framework for resolving labor disputes, and it specifies which disputes are subject to federal-court jurisdiction. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252–53 (1994). In order to encourage parties to make every effort to maintain agreements regarding pay and working conditions, the RLA provides two separate dispute resolution procedures: major disputes and minor disputes. *Id.* Major disputes arise from the "formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy." *Elgin, J. & E. Ry. v. Burley*, 325 U.S. 711, 723 (1945). However, minor disputes include those growing out of grievances or out of interpretations of agreements covering rates of pay, rules, or working conditions. *Hawaiian Airlines, Inc.*, 512 U.S. at

MEMORANDUM OPINION AND ORDER – PAGE 3

252–53.  "[A] dispute is minor if the existing collective bargaining agreement affords some arguable basis for the underlying action."  *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America-Airline Div. & Teamsters Local 19 v. Southwest Airlines Co.*, 875 F.2d 1129, 1133 (5th Cir. 1989).  More specifically, "[w]here an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement."  *Consolidated Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 307 (1989).  When determining whether the dispute is minor, the Court's role is limited.  *Id.* at 318–19.  The Court is not to determine the merits of the parties' disputes; the Court should only determine "where the 'arguably justified' line is the be drawn."  *Id.*

During a major dispute, both parties must undergo a multi-step process through the National Mediation Board.  *See id.* at 302.  During the negotiations, the parties may be enjoined from engaging in any kind of self-help, such as union strikes.  *See id.* at 302–03.  "[D]istrict courts have subject-matter jurisdiction to enjoin a violation of the status quo pending completion of the required procedures . . . ."  *Id.* at 303.  However, minor disputes must be addressed through binding and compulsory arbitration.  *Id.*  Courts have found a strong preference in favor of arbitration, rather than judicial resolution.  *See Bhd. of Locomotive Eng'rs & Trainmen (Gen. Comm. of Adjustment, Cent. Region) v. Union Pac. R.R. Co.*, 879 F.3d 754, 755 (7th Cir. 2017) (highlighting that the RLA includes a strong preference for arbitration); *Gen. Comm. of Adjustment, United Transp. Union, W. Md. Ry. Co. v. CSX R.R. Corp.*, 893 F.2d 584, 589 (3d Cir. 1990) (noting that close cases should be characterized as minor disputes).

## III. THE COURT GRANTS SOUTHWEST'S MOTION

The Court determines that it does not have jurisdiction over AMFA's counterclaim because the counterclaim arises out of minor disputes subject to arbitration. Southwest argues that AMFA's claim is a minor dispute because the underlying facts are rooted in Southwest's alleged violations of the existing collective bargaining agreement. Mem. Law Supp. Southwest Airlines Co.'s Mot. Dismiss Countercl. 10, 12–13 [41]. Further, Southwest argues that the agreement provided Southwest a justifiable basis for its actions. *Id.* However, AMFA contends that Southwest violated the status quo requirement and that Southwest does not have a cognizable argument to justify its actions. Mem. Law Opp'n Countercl. Def.'s Mot. Dismiss Countercl. 19–22 [46].

Here, the Court finds that the counterclaim arises out of minor disputes because the underlying grievances depend on the interpretation of the collective bargaining agreement. Unlike Southwest's claims that AMFA engaged in unlawful job action during the collective bargaining negotiations, AMFA's claim requires interpretation of specific clauses of the collective bargaining agreement. Rather than encompassing a clear change in the terms of the collective bargaining agreement, these grievances constitute disagreements over the rights and appropriate actions under the agreement. Furthermore, without adjudicating the merits, the Court concludes that Southwest has arguable defenses under the collective bargaining agreement. Because the claim arises out of minor disputes, the Court orders the claim to compulsory arbitration.

## CONCLUSION

The Court determines that it does not have jurisdiction over AMFA's counterclaim. Accordingly, the Court grants Southwest's motion to dismiss, and the Court orders the claim to compulsory arbitration.

Signed March 25, 2020.

_____
David C. Godbey
United States District Judge